UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVEY D. SEALS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-178 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## MEMORANDUM OPINION

The plaintiff Davey D. Seals has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Seals was born in 1968 and was 36 years old at the time of his second administrative hearing. [Tr. 14, 63]. He obtained his general education diploma [GED] degree and has relevant past work experience as a maintenance mechanic, cut-off saw operator, hardware assembler, power operator, and packager/handler. [Tr. 14]. Mr. Seals alleges he is disabled as of August 11, 2002, from a prosthesis in his right eye and poor vision and pain in his left eye. [*Id.*]. In October 2003, an

Administrative Law Judge [ALJ] found that Mr. Seals was not disabled. [Tr. 44]. The Appeals Court remanded the case in February 2004 for further proceedings. [Tr. 57-58]. In November 2004, the ALJ found that Mr. Seals was not disabled as defined by the Social Security Act based upon a finding that his severe impairments were not severe enough. [Tr. 18]. The Appeals Council denied Mr. Seals' request for review in April 2005. [Tr. 10-13].

At Mr. Seals' second administrative hearing held on October 8, 2004, the testimony of Mr. Seals, medical expert Dr. Theron Blickenstaff, vocational expert Donna Bardsley, and Mr. Seals's sister, Ms. Donna Burton, was received into evidence. [Tr. 222-33]. Dr. Blickenstaff testified he did not believe that Mr. Seals met or equaled any listings for disability. [Tr. 223]. The only limitations the doctor indicated Mr. Seals' vision problems would necessitate were not working in jobs that required good visual acuity, good depth perception, driving, working at heights, working around hazardous machinery, and work that requires eye protection. [*Id.*].

Vocational expert Donna Bardsley testified next. [Tr. 226-28]. The ALJ asked her to assume a man of Mr. Seals' age and education who was restricted to jobs that did not require good visual acuity, good depth perception, driving, working at heights, working around hazardous machinery, and work that requires eye protection. [Tr. 226]. The vocational expert testified that such a person could work at all levels of

exertion and in such positions as hand packager, sorter, assembler, and cafeteria attendant, *inter alia*. [Tr. 227].

Mr. Seals testified next that he experiences nightly and sometimes daily pain as a result of his eye injuries. [Tr. 229]. On a scale of one to 10, he testified the pain was an eight or a nine, and he often took pain medication. [*Id*.]. Mr. Seals testified he also takes a medication for depression. [Tr. 230].

Ms. Burton, Mr. Seals' sister testified that she visits her brother daily "to make sure he's all right." [Tr. 232]. She indicated he used to be a "happy-go-lucky" person but now he does not talk unless someone has spoken to him. [Tr. 233].

The ALJ ruled that Mr. Seals was not disabled because his visual impairments, while severe, were not severe enough for a finding of disability. [Tr. 18]. The ALJ then found Mr. Seals retained the residual functional capacity [RFC] to perform work at all exertional levels that did not require exposure to "moving machinery, heights, fine visual acuity, good depth perception, or eye protection." [Tr. 18]. With those limitations, Mr. Seals could perform work that exists in significant numbers in the national economy. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Seals requests summary judgment and argues the ALJ failed to consider his impairments in combination. Mr. Seals contends his vision problems plus his depression render him disabled. Unfortunately, there is no support in the record for a diagnosis of depression. Mr. Seals cites to four pages in the transcript to bolster his claim of depression. One page is from his administrative hearing and is simply his testimony that he is depressed. [Tr. 230]. The remaining three pages are printouts from Mr. Seals' pharmacy. [Tr. 194-96]. None of the medications listed, however, is for the treatment of depression. Without medical evidence that Mr. Seals suffered from depression, the ALJ did not err by failing to consider his impairments in combination.

Mr Seals also contends the ALJ erred by failing to accept the opinion of consultative physician Dr. Michael F. Shahbazi. The doctor, an ophthalmologist,

found in November 2002 that Mr. Seals met the criteria for legal blindness. [Tr. 182]. The doctor's clinical examination of Mr. Seals, however, showed results "out of proportion to this level of vision loss." [*Id*.].

In April 2004, another consultative physician, Dr. Stephen Franklin, examined Mr. Seals. [Tr. 87-90]. According to Dr. Franklin, Mr. Seals had the best corrective vision of 20/80 in his left eye. [Tr.87]. As Dr. Blickenstaff testified at the administrative hearing, Dr. Franklin's results were "quite a bit better" than those obtained by Dr. Shahbazi and did not meet the Social Security requirements for disability related to vision problems. [Tr. 225].

Instead of endorsing the two-year-old opinion of Dr. Shahbazi, the ALJ accepted the more recent opinion of Dr. Franklin, as well as the concurrence with that opinion by Dr. Blickenstaff. The ALJ is charged with weighing evidence of inconsistent medical opinions. 20 C.F.R. §§ 404.1527 (c), 416.927 (c). Mr. Seals' arguments that the ALJ erred in failing to accept the opinion of Dr. Shahbazi are incorrect.

After careful consideration of the entire record of proceedings related to this case, Mr. Seals' motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 8] will be granted, and this action will be dismissed.

5

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

6